**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000170
29-JUN-2017
08:16 AM**

NO. CAAP-17-0000170

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


THE BANK OF NEW YORK MELLON f/k/a THE BANK OF
NEW YORK SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A.,
AS TRUSTEE FOR THE STRUCTURED ASSET MORTGAGE
INVESTMENTS II TRUST, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-AR7, Plaintiff-Appellee,
vs.
MICHAEL ERIC O'TOOLE; DIANE ZERFUSS O'TOOLE,
Defendants-Appellants,
and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
solely as nominee for COUNTRYWIDE BANK, N.A.;
Defendants-Appellees
and
JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20;
DOE ENTITIES 1-20; and DOE GOVERNMENTAL UNITS 1-20,
Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 12-1-305K)


ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record in CAAP-17-0000170, it appears
that this court lacks appellate jurisdiction over the appeal.
Defendants-Appellants Michael Eric O'Toole and Diane Zerfuss
O'Toole (Appellants) appeal from the "Order Granting Plaintiff's
Ex-Parte Motion for Clarification of Order of Dismissal (Rule

12(q)) Filed 01/09/2014" (Order), filed on February 21, 2017, in the Circuit Court of the Third Circuit.

On January 9, 2014, the Circuit Court entered an Order of Dismissal, pursuant to Rule 12(q) of the Rules of the Circuit Courts of the State of Hawai'i (RCCH).

On February 21, 2017, the Circuit Court entered the Order, which clarified that the dismissal was without prejudice.

Under HRS § 641-1(a) (Repl. 2016), "[a]ppeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit . . . courts[.]" Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c).

Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." The Supreme Court of Hawai'i has held that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994) (emphasis added). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." Alford v. City and Count of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted).

The Supreme Court of Hawai'i has also held that, "[a]lthough RCCH [Rule] 12(q) [(regarding dismissal for want of prosecution)] does not mention the necessity of filing a separate document, HRCP [Rule] 58, as amended in 1990, expressly requires that 'every judgment be set forth on a separate document.'" Price v. Obayashi Hawaii Corporation, 81 Hawai'i 171, 176, 914 P.2d 1364, 1369 (1996). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed."

2

Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted).

No separate judgment is in the record on appeal. Therefore, the Order is not appealable pursuant to HRS § 641-1(a). There is no appealable final judgment or order in the record on appeal. The Order was not certified for an interlocutory appeal and does not fall within the collateral order doctrine.

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 29, 2017.

Presiding Judge

Associate Judge

Associate Judge

3